NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONTA MCMILLAN,

    Plaintiff,

v.

COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

No. 18cv13379 (EP) (JSA)

**OPINION AND ORDER**

**PADIN**, **District Judge.**

    Plaintiff Donta McMillan filed this civil rights action alleging (1) on approximately September 13, 2016, he was physically attacked, without provocation, by various New Jersey Department of Corrections ("DOC") Officers; and (2) following the attack, he was deprived of adequate medical care for his injuries. Plaintiff appeals two orders from Magistrate Judge Allen. First, Plaintiff appeals the January 17, 2023, Order denying Plaintiff's motion to amend his complaint to add claims against additional medical personnel ("Proposed Defendants"). *See* D.E. 157 ("Amendment Order") & D.E. 158 ("Amendment Appeal"). Second, Plaintiff appeals a portion of the February 17, 2023, Order denying Plaintiff's motion to compel enforcement of subpoenas to non-party witnesses that Plaintiff argues were properly served. *See* D.E. 167 ("Subpoena Order") & D.E. 168 ("Subpoena Appeal"). For the reasons below, the Court will **DENY** both appeals.[1]

---

[1] The appeals are decided on the papers. *See* L.Civ.R. 78(b).

I.  BACKGROUND

   A.  The Amendment Appeal

The Amendment Order contains the relevant background, which the Court adopts here. Amendment Order at 1-3. In summary, the current medical personnel defendants ("Medical Defendants") moved to dismiss Plaintiff's complaint (D.E. 44) on February 15, 2019, which Judge Martinotti[2] granted and denied in part. D.E. 50. No new complaint has been filed. On January 14, 2020, Magistrate Judge Goodman[3] issued a Pretrial Scheduling Order, which in part directed that any motion to amend and/or add parties be filed on or before March 13, 2020, and that fact discovery would close on June 3, 2020. D.E. 63 ("Scheduling Order").

In July 2020, Plaintiff received medical records identifying the Proposed Defendants, a doctor and a nurse who examined and treated Plaintiff on September 14, 2016 ("Medical Records"). Amendment Order at 3. Then, in July 2021 and October 2021, Plaintiff's counsel deposed the Proposed Defendants "concerning [Plaintiff's] medical records and their assessment of his medical condition" ("Depositions"). *Id.* Between March to June 2022, Defendants produced videos and documents in discovery. *Id.* at 2-3. It is these materials that Plaintiff claims first provided him with the necessary information to amend the complaint. On June 27, 2022, Plaintiff moved to amend his complaint, seeking to add the Proposed Defendants as medical defendants and to assert claims like those against the Medical Defendants. *See* D.Es. 144 ("Amendment Motion") and 144-4.

Judge Allen denied the Amendment Motion. *See id.* at 3-6. First, Judge Allen determined "whether the motion [was] governed in the first instance by Rule 15 or Rule 16 of the Federal

---

[2] The undersigned was assigned to this case on June 28, 2022.
[3] Magistrate Judge Allen was assigned to this case on June 23, 2021.

Rules of Civil Procedure." *Id.* at 3 (cleaned up).  In relevant part, Rule 15 provides that a party may amend its pleading with a court's leave, and that leave should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 16 applies a stricter standard where the scheduling order issued by a court "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Due to the Scheduling Order, Judge Allen found that Rule 16 applied and denied the Amendment Motion because "Plaintiff had the necessary knowledge underlying his proposed amendments . . . long before he sought leave to do so."  Amendment Order at 3-4 (discussing how the Medical Records and July 2021 and October 2021 Depositions provided Plaintiff with the necessary knowledge).  Additionally, Judge Allen found that Plaintiff failed to satisfactorily explain the, at least, seven-month delay in seeking leave to amend.  *Id.* at 4-5.

For completeness, Judge Allen then applied Rule 15's standard, under which "leave to amend 'must generally be granted unless equitable considerations render it otherwise unjust.'"  *Id.* at 5 (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)).  Applying Third Circuit precedent, Judge Allen balanced "the moving party's 'reasons for not amending sooner . . . against the burden of [additional] delay on the [] Court'" and found that "the same reasons warranting denial under Rule 16" warranted denial under Rule 15.  *Id.* at 6 (quoting *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008)).  Namely, that "[t]he information supporting the amendments was available to Plaintiff as early as July 2020 and no later than October 2021, demonstrating [that] Plaintiff had previous opportunities to amend under the [applicable] standards . . . ."  *Id.*  Judge Allen weighed this fact against the burden of delay on the Court in prolonging an already lengthy litigation and found that the equities favored denial.  *Id.*

Plaintiff filed the Amendment Appeal on January 17, 2023.  The Medical Defendants oppose.  D.E. 166 ("Amendment Opp'n").

3

### B.  The Subpoena Appeal

The Subpoena Order contains the relevant background, which the Court adopts here. Subpoena Order at 1-4.  Briefly, on June 10, 2022, Judge Allen ordered Plaintiff to "timely serve subpoenas" ("Subpoenas") for the depositions of the following DOC non-parties: (1) Sergeant J. Reardon ("Reardon"), (2) Sergeant R. Smith ("Smith"), (3) Major B. Willie ("Willie"), and (4) Officer Tyree Johnson ("Johnson") (collectively, "Non-Parties").  *Id.* at 1 (citing D.E. 140).  On July 1, 2022, Plaintiff's counsel indicated that (1) "Smith, Willie, and Johnson had been served with the Subpoenas" and (2) "Reardon's [S]ubpoena was 'sent out' for service . . . ."  *Id.* at 2 (quoting D.E. 149).  For various reasons, the Non-Parties failed to respond to or comply with the Subpoenas.  *See id.* at 2-3.  On January 31, 2023, Plaintiff filed a motion to compel the Non-Parties' compliance with the Subpoenas.  D.E. 163 ("Subpoena Motion").

On February 17, 2023, Judge Allen denied the Subpoena Motion, finding the service of the Subpoenas did not comply with Federal Rule of Civil Procedure 45, which requires "'*delivering a copy [of the subpoena] to the named person*' . . . ."  Subpoena Order at 4 (emphasis in original) (quoting Fed. R. Civ. P. 45(b)(1)).  Judge Allen first interpreted Rule 45(b)(1) "as literally requiring that the subpoenaed individual be personally served[,]" even if the individual knows of the subpoena.  *Id.* at 5 (collecting cases).

Then, Judge Allen applied Rule 45(b)(1) to the relevant facts:

> (1) Willie was "served" by leaving the Subpoena with his wife, Pamela Willie; (2) Johnson was "served" by leaving the Subpoena with Linen,[4] who purportedly was a person authorized to accept service on his behalf; (3) Smith was "served" by leaving the Subpoena with Cherice Hampton ("Hampton"), who purportedly was a person authorized to accept service on his behalf; and (4) Reardon was "served" by leaving the Subpoena with Hampton, who

---

[4] An executive assistant.

4

>>purportedly was a person authorized to accept service on his behalf
>>. . . .

*Id.* at 4.  Thus, because the Subpoenas were left with another individual, Judge Allen found that "none of the Non-Parties ha[d] been [properly] served . . . ." *Id.*  Consistent with this holding, Judge Allen denied the Subpoena Motion and granted Plaintiff leave to serve another set of subpoenas on the Non-Parties by no later than March 20, 2023.  *Id.* at 6.

On February 28, 2023, Plaintiff appealed the Subpoena Order.  No Defendants have opposed the Subpoena Appeal.

## II.  LEGAL STANDARD

A magistrate judge may hear and determine any non-dispositive pretrial matter pending before the court.  28 U.S.C. § 636(b)(1)(A).  In considering an appeal of a magistrate judge's non-dispositive order, a district court will normally modify or vacate an order only if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A).  Non-dispositive questions of fact are reviewed under the "clearly erroneous" standard, whereas non-dispositive questions of law are reviewed as to whether they are "contrary to law."  *Anders v. FPA Corp.*, 1995 WL 785109, at *1 (D.N.J. Apr. 24, 1995).

"A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed."  *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009).  "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law."  *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  The appealing party bears the burden of establishing that the magistrate judge's decision was clearly erroneous or contrary to law.  *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).  Additionally, a magistrate judge has wide discretion in

fashioning appropriate discovery orders. *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990)

### III. ANALYSIS

#### A. The Amendment Order is Not Clearly Erroneous or Contrary to Law

Plaintiff appeals the Amendment Order, arguing that (1) Rule 15's more liberal amendment standard applies, not Rule 16's stricter standard; and (2) Judge Allen incorrectly applied Rule 15. *See* Amendment Appeal at 3, 5. The Medical Defendants disagree. *See* Amendment Opp'n at 3, 6. The Court agrees with the Medical Defendants.

*1. Judge Allen applied the correct standard of Rule 16(b)(4)*

First, Plaintiff argues that Judge Allen erroneously applied Rule 16(b)(4), which allows modification of a scheduling order only for "good cause." Amendment Appeal at 3. Plaintiff argues that because Judge Allen agreed with Plaintiff that he did not receive the information to amend the complaint until after the Scheduling Order's deadline, that this necessarily demonstrates "good cause" to modify the Scheduling Order. *Id.*

This interpretation of Rule 16 is unsupported. Courts apply Rule 16(b)(4) even when the information prompting modification of the scheduling order is received after the deadline for amendment has passed. *See Wallace v. AlliedBarton Sec. Servs., LLC*, 309 F.R.D. 49, 51-52 (D.D.C. 2015) (citing cases and applying Rule 16(b)(4) when the plaintiff sought to amend her complaint based on information she received after the deadline for amending pleadings). Thus, Plaintiff's late receipt of information about the Proposed Defendants does not necessarily demonstrate "good cause." *See id.* at 52 (denying leave to amend even though the plaintiff "acted relatively promptly" upon receipt of new facts because amendment would prejudice the defendant).

6

Plaintiff offers no arguments as to how Judge Allen's application of Rule 16(b)(4) to this case was clearly erroneous or contrary to law.  *See* Amendment Appeal at 3-5.  Regardless, the Court finds it was not.

As Judge Allen noted, "the good cause requirement of Rule 16 depends on the moving party demonstrating due diligence."  Amendment Order at 4 (internal quotations omitted) (citing cases).  Judge Allen determined Plaintiff did not demonstrate due diligence because he sought to amend his complaint approximately (1) two years after he received medical records identifying the Proposed Defendants and (2) seven months after the Proposed Defendants' Depositions.  *See* Amendment Order at 4-5.  Plaintiff claims that "it would have been disingenuous and premature" for him to add the Proposed Defendants "just in case subsequent discovery revealed a discrepancy as to whether they properly treated [P]laintiff as claimed."  Amendment Appeal at 8 (internal quotations omitted).[5]  However, Judge Allen reasoned that this "discrepancy" was already available to Plaintiff because "the Proposed Defendants gave conflicting testimony about their medical evaluation and treatment of Plaintiff during their respective [D]epositions in July and October 2021."  Amendment Order at 5.  Judge Allen also considered that "the proposed amendments are based on similar allegations and theories of liability as those asserted against the existing Medical Defendants[,]" making Plaintiff's delay all the more undue.  *Id.*

The Court finds that Judge Allen's determination that Plaintiff did not demonstrate due diligence was well-reasoned and applied the correct Rule 16 standard, and thus was not clearly erroneous or contrary to law.  Accordingly, the Court will deny the Amendment Appeal.

---

[5] Though Plaintiff only made this argument as to the Rule 15 application, the Court also considers it here.

7

2. *Judge Allen's application of Rule 15 to this case is not clearly erroneous or contrary to law*

For completeness, the Court will also consider whether Judge Allen's application of Rule 15 was clearly erroneous or contrary to law. Plaintiff argues that it was for the reasons outlined above; namely, that he did not possess the information needed to amend the complaint until he received additional discovery during March 2022 to June 2022. Amendment Appeal at 8. Again, the Medical Defendants disagree, as does the Court.

Though motions to amend are liberally granted under Rule 15, "the decision to grant leave to amend rests in the [c]ourt's sound discretion." Amendment Order at 5 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). One factor considered in granting leave to amend is whether the movant's delay in filing the motion was "undue." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As Judge Allen noted, "'[d]elay becomes "undue," and thereby creates grounds for [denying] . . . leave, when it places an unwarranted burden on the court or when the [moving party] has had previous opportunities to amend.'" Amendment Order at 5-6 (quoting *Bjorgung*, 550 F.3d at 266). To determine whether the delay was undue, a court must balance the equities of the burden of delay on the court with the plaintiff's reason for not amending sooner. Amendment Order at 6 (citing *Bjorgung*, 550 F.3d at 266).

Judge Allen, in her discretion, determined that this balance favored denying the Amendment Motion. *Id.* Based on the Depositions' discrepancies, Plaintiff possessed the necessary information at least seven months before the Amendment Motion. *Id.* Given the case's extensive length and discovery process (four and two and a half years, respectively) and Plaintiff's lack of an adequate reason for not moving to amend sooner, Judge Allen determined that the delay was undue and denied the motion. *Id.*

8

Plaintiff's arguments are unconvincing. Plaintiff cites *Mullin v. Balicki* to argue that in civil rights cases, like this case, opportunity to amend should be presumed. Amendment Appeal at 8 (citing 875 F.3d 140, 152 (3d Cir. 2017)). However, as the Medical Defendants note, in *Mullin*, the plaintiff was unaware of the relevant evidence due to a clerical error; here, no such error exists. *See* Amendment Opp'n at 7-9. Plaintiff also attempts to distinguish this case from the authority Judge Allen relied on by noting that here, he went "in and out of consciousness for a 24-hour period" after the attack and thus "was only aware of the medical providers who treated him . . . immediately after the incident." Amendment Appeal at 7. However, this distinction is irrelevant because Judge Allen did not find that Plaintiff should have included the Proposed Defendants from the jump.

The Court finds that Judge Allen's application of Rule 15, the more liberal standard, was not clearly erroneous or contrary to law. Accordingly, the Court will still deny the Amendment Appeal.

### B. The Subpoena Order is Not Clearly Erroneous or Contrary to Law

Plaintiff also appeals the Subpoena Order, arguing that Judge Allen's decision was clearly erroneous because (1) the case law Judge Allen cited is "easily distinguish[able]" and (2) Plaintiff cannot find, nor did Judge Allen cite, any case law "standing for the proposition that personal service cannot be effectuated through an authorized agent or a competent member of the named party's household." Subpoena Appel at 3-4. Neither argument is persuasive.

Plaintiff attempts to factually distinguish the cases Judge Allen cited; however, the distinctions are not meaningful. No case departs from the rule of law Judge Allen applied: that the intended recipient of the subpoena must be *personally* served. This rule of law was simply applied to different facts based on the case, but the cases share a lack of personal service. *See Myer v.*

9

*Kuang*, 2021 WL 1100612, at *1-2 (D.N.J. Mar. 23, 2021) (finding that Rule 45(b) "requir[es] that an individual be personally served" and the plaintiff could not avoid this requirement by claiming his attempts were sufficiently diligent); *Farley-Skinner v. Adventure Aquarium, Inc.*, 2018 WL 3647209, at *2 (D.N.J. Aug. 1, 2018) (noting that serving a subpoena is "[u]nlike service of a summons and complaint" and finding that service by certified mail does not comply with Rule 45(b) because it does not accomplish "serv[ing the individual] personally"); *Moquin v. Outback Steakhouse of Fla., Inc.*, 2008 WL 11383499, at *1 (D.N.J. July 30, 2008) (finding that Rule 45(b) was not satisfied when the subpoena was left with the witness' mother, and noting that "the subpoena was served less than six days" before the scheduled deposition as alternative grounds why the subpoena would be unenforceable); *CMI Roadbuilding, Inc. v. Dritto Tech., Inc.*, 2020 WL 5571743, at *2 n.1 (D.N.J. Sept. 17, 2020) (finding service of a subpoena by mail does not satisfy Rule 45(b)(1) and citing to *CMI Roadbuilding, Inc. v. Bohr Precision Machining, Inc.* 2020 WL 3964388, at *2 (E.D. Wisc. July 13, 2020), suggested a registered agent could accept a subpoena).

The Court finds that Judge Allen's decision was well-reasoned and thus not clearly erroneous or contrary to law.  Accordingly, the Court will deny the Subpoena Appeal.

IV.   **CONCLUSION AND ORDER**

For the reasons above,

**IT IS**, on this 18th day of September, 2023,

**ORDERED** that the Amendment Appeal (D.E. 158) is **DENIED**; and it is further

**ORDERED** that the Amendment Order (D.E. 157) is **AFFIRMED**; and it is further

**ORDERED** that the Subpoena Appeal (D.E. 168) is **DENIED**; and it is further

10

**ORDERED** that the challenged portion of the Subpoena Order (D.E. 167) is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff is to serve another set of subpoenas on the Non-Parties within 30 days of the entry of this Order in compliance with the Subpoena Order; and it is finally

**ORDERED** that Plaintiff's counsel shall file a letter on or before 35 days of the entry of this Order addressing whether the subpoenas have been properly served, and if so, when the depositions are scheduled to take place.

September 18, 2023

_Evelyn Padin_
Evelyn Padin, U.S.D.J.