<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DONTA MCMILLAN,

    Plaintiff,

v.

COMMISIONER OF THE NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

No. 18cv13379 (EP) (JSA)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

Plaintiff Donta McMillan alleges that his Constitutional rights were violated when (1) he was attacked by various New Jersey Department of Corrections ("NJDOC") Officers in September 2016 and (2) following the attack, he was deprived of adequate medical care for his injuries. Plaintiff appeals the Hon. Jessica S. Allen, U.S.M.J's December 4, 2023 Order denying his request to conduct additional discovery related to NJDOC's Nursing Protocols. *See* D.E. 189 ("Order") & D.E. 194 ("Appeal")[1]. Defendants[2] oppose. D.E. 197 ("Opp'n"). The Court has reviewed the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons below, the Court will **DENY** the Appeal and **AFFIRM** Judge Allen's Order.

---

[1] Plaintiff's appeal also relies on D.E. 194-1, the Certification of Counsel ("Hardaway Cert.").
[2] For purposes of this Appeal, Defendants refers to the "DOC Administrative Defendants" encompassing former NJDOC Commissioner Marcus Hicks, Jonathan Gramp, Steven Johnson, Danielle Hunter, Elizabeth DiBenedetto, Daniel Gerdes, Tracey Shimonis-Kaminski, and Janice Brown. *See* D.E. 197 at 8.

**I.     BACKGROUND**

Plaintiff served a supplemental document request for the NJDOC's Nursing Protocols. D.E. 186-1 at 2. Defendants produced protocols dated September 2023 and maintain they were non-substantively updated versions of the protocols in effect in 2016. D.E. 187 at 2. Plaintiff requested a certification and deposition from someone with "knowledge as to why 2016 protocols no longer exist." D.E. 186. Defendants submitted a supporting certification from Edward H. Haas, Esq., M.S.W., a Legal Specialist in the NJDOC's Division of Diversity and Legal Affairs. D.E. 187, Ex. A. Mr. Haas explained under oath that 2016 versions of the protocols were unavailable; the current protocols, available only in digital format, overwrote previous versions during updates; and the updates made since the original protocols were drafted in 2014 were "merely stylistic, to correct typos, and not otherwise substantive." *Id.* ¶¶ 7-9.

Based on the Haas certification, Defendants contended that further discovery was unnecessary. D.E. 187 at 2. Plaintiff argued, in response, that he did not need to rely on Mr. Haas's certification and did not need the Court's permission to conduct additional discovery. D.E. 188. Judge Allen found that Defendants complied with their discovery obligations and that further discovery was disproportionate to the needs of the case under Fed. R. Civ. P. 26(b)(1). *See* Order.

**II.    LEGAL STANDARD**

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). In considering an appeal of a non-dispositive order by a magistrate judge, a district court will normally modify or vacate an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A).

"A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009); *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "'Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). "A [ruling] is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). The appealing party bears the burden of establishing that the magistrate judge's decision was clearly erroneous or contrary to law. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

"Particular deference is accorded to magistrate judges on discovery issues." *Costa v. Cnty. of Burlington*, 584 F. Supp. 2d 681, 684 n.2 (D.N.J. 2008). "Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court.'" *Callas v. Callas*, No. 14-7486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (quoting *Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016)).

## III. ANALYSIS[3]

Plaintiff has not persuaded this Court that the Order is clearly erroneous, contrary to law, or an abuse of discretion. Plaintiff's argument primarily rests on accusations that Judge Allen is biased, impartial, and that she failed to apply "[any] law at all to the facts of plaintiff's case." Appeal at 3.

"The scope of discovery in federal courts is generally governed by Federal Rule of Civil Procedure 26, which permits parties to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[,]' *subject to court ordered limitations*." *Costa*, 584 F. Supp. 2d at 684 (quoting Fed. R. Civ. P. 26(b)(1)) (emphasis added). The right to broad discovery is "not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). The rule of proportionality—weighing the benefit of discovery against the burden—"guard[s] against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989) (cleaned up).

Nothing in Plaintiff's submission indicates that Judge Allen's proportionality assessment was clearly erroneous or contrary to law. Judge Allen's analysis, contrary to Plaintiff's assertion, did not need to mirror the exact analysis in cases she cited. Hardaway Cert. ¶¶ 20-22 (arguing Judge Allen's decision was devoid of analysis of the case law given factual distinctions in *Takacs v. Union Cnty.*, No. 08-711, 2009 WL 3048471 (D.N.J. Sept. 23, 2009)). Rather,

---

[3] Plaintiff's Appeal devotes extensive time to accusing Judge Allen of bias and impartiality. To the extent that Plaintiff also appeals Judge Allen's Order denying Plaintiff's Motion for Recusal, D.E. 211 ("Recusal Order"), this Court agrees with the reasoning in the Recusal Order and does not find Plaintiff offers any further plausible evidence demonstrating Judge Allen's bias or impartiality under either 28 U.S.C. § 455 or 28 U.S.C. § 144.

courts determine "the proportionality of discovery on a case by case basis." *Williams v. BASF Catalysts, LLC*, No. 11-1754, 2017 WL 3317295, at *4 (D.N.J. Aug. 3, 2017). In a similar vein, Judge Allen's previous permission of additional discovery has no bearing on the disputed Order. *See* Appeal at 4-5.

Here, Plaintiff, as the party seeking discovery, "has the burden of showing that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Plaintiff only noted that "the protocols were specifically requested by plaintiff's retained expert as needed to conclude her report," but did not expand further on the relevance of the protocols. D.E. 186. Notwithstanding Plaintiff's fleeting mention of relevance, Judge Allen still properly determined *further* discovery was unnecessary given she was satisfied with Defendants' production. Order at 2. Within her proper discretion, Judge Allen accepted the attestation of an officer of the court and found Defendants' production complied with the Court's previous October 24, 2023 Order. *Id.* at 3. Litigation has been ongoing since 2018 and Plaintiff has conducted over thirty depositions. Opp'n at 6. The potential relevancy of non-substantively changed protocol language is outweighed when considering the burden of another deposition seeking information already offered by Mr. Haas. As Plaintiff fails to show Judge Allen's Order was clearly erroneous or contrary to law, he also fails to show that she abused her discretion.

## IV.    CONCLUSION AND ORDER

For the reasons above, **IT IS**

**ORDERED** that Plaintiff's Appeal, D.E. 194, is **DENIED**; and it is finally

**ORDERED** that Judge Allen's Order, D.E. 189, is **AFFIRMED**.

Dated: May 13, 2024

_____
Evelyn Padin, U.S.D.J.

6